UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELINA ORTIZ-TORRES

    Plaintiff,

v.                                         CASE No. 8:08-CV-61-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-four years old at the time of the administrative hearing and who has an associate's degree, has been employed as an office cleaner, day care worker, and data entry worker (Tr. 97, 285). She filed a claim for Social Security disability benefits, alleging that she

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

became disabled due to various physical and mental ailments (Tr. 46, 56, 57, 59, 61, 62, 114). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has no severe impairments (Tr. 17). He concluded that the "objective medical evidence contained in the record does not establish the existence of a medically determinable impairment that ... would result in more than minimal limitations in the ability to perform work" (Tr. 21). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to

whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g).

## III.

The plaintiff alleged a number of ailments that the law judge concluded were not severe. The law judge found that "the objective medical evidence contained in the record does not establish the existence of a medically determinable impairment that could reasonably be expected to produce the claimant's alleged degree of symptoms and limitations, or that otherwise would result in more than minimal limitations in the ability to perform work" (Tr. 21).

The regulations define a non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a). The plaintiff points out that the court of appeals has stated that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the

individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). Notably, the law judge acknowledged this principle in his decision (Tr. 16).

The Eleventh Circuit has said further that "[s]tep two is a threshold inquiry" and "[i]t allows only claims based on the most trivial impairments to be rejected." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). This language by the Eleventh Circuit is properly viewed as an attempt to explicate the governing principle, and not an effort to rewrite it, since that would be beyond the court's authority. Thus, the comment that "step two is a threshold inquiry" simply reflects that it is an early step in a five-step analysis. Further, the word "trivial" is a synonym of "insignificant," that is, not significant. See Oxford Dictionary and Thesaurus, (Am. Ed. 1996), p. 1637. After all, what is being assessed is whether a claimant has a "severe" impairment.

The regulation at issue considers whether the impairment "significantly limit[s]" a claimant's ability to do basic work activities. That is the governing standard. There is, accordingly, a range between perfectly

healthy and significantly limited that does not include a severe impairment. The law judge in this case could reasonably find that the plaintiff falls in that range.

Turning to the plaintiff's mental status, she was not being treated by a psychiatrist or psychologist. Accordingly, she was sent for a consultative examination by Gerald Mussenden, Ph.D. Dr. Mussenden diagnosed the plaintiff with pain disorder with anxiety and depression, and with panic attacks without agoraphobia (Tr. 198).

He did not state any specific mental functional limitations. He did, however, assign the plaintiff a Global Assessment of Functioning ("GAF") score of 60 (id.). The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." <u>Diagnostic and Statistical Manual of Mental Disorders</u>, (DSM-IV-TR) (4th ed., Text Revision), p. 34. A rating of 60 reflects "[m]oderate symptoms (*e.g.* flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers)." However, as the law judge notes, the score is on the border of mild symptoms (Tr. 20).

Significantly, the Eleventh Circuit has indicated that a GAF of 60 does not mean that a claimant has a severe impairment. Ward v. Astrue, 2008 WL 2699999 at *2 n. 1 (11th Cir. 2008)(unpub. dec.).

Dr. Mussenden's report was interpreted by two nonexamining reviewing psychologists. One concluded that the plaintiff had no severe impairment (Tr. 142), while the other opined that the plaintiff had moderate limitations in a few areas (Tr. 121, 135). The law judge could resolve this conflict in the evidence to find no severe mental impairment.

Moreover, Dr. Mussenden recommended a referral to psychiatric care for appropriate medications with a good prognosis (Tr. 198). While the plaintiff did not seek psychiatric care, she did receive medication from her primary care physician for her mental condition. Subsequent treatment notes indicate that the plaintiff's anxiety and depression were improved with medication (Tr. 257, 259). Under these circumstances, the evidence does not compel a finding that the plaintiff had a severe mental impairment for at least a twelve-month period.

With respect to the plaintiff's physical impairments, the law judge concluded that "[t]he claimant has multiple subjective complaints of

body pain in multiple joints, but no significant objective findings to support such symptoms" (Tr. 21). He explained further:

> For example, the claimant complained of left side neck pain and was told she had a "pinched" nerve, but no Magnetic Resonance Imaging scan of the cervical spine has shown a "pinched nerve." The only thing shown by objective finding was mild degenerative changes. Similarly there have been no x-rays or MRI findings or regular treatment for her complaints of low back pain.

The law judge recognized that x-rays showed bilaterally mild to moderate degenerative changes at C6-7 involving mostly the uncovertebral joints (Tr. 20). While the individual reading the x-rays stated that "[i]t is possible this could give rise to symptoms" (Tr. 273), the law judge could reasonably discount that speculative comment.

As the Commissioner points out, no doctor has stated that the plaintiff has any functional limitations due to back or neck problems (Doc. 17, p. 9). This factor strongly supports the law judge's finding that those problems were not severe impairments.

Also, Dr. Edgar Hernandez Viera diagnosed the plaintiff with bilateral carpal tunnel syndrome in December 2004 (Tr. 117). The Commissioner states that Dr. Hernandez Viera did not indicate that, due to

carpal tunnel syndrome, the plaintiff had functional limitations, such as in reaching, grasping, feeling, handling, pushing, pulling, or lifting (Doc. 17, p. 6). Significantly, it is the functional limitations from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability. See McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

The record also contains two assessments of the plaintiff's physical condition by nonexamining reviewing physicians. Both concluded that the plaintiff does not suffer from severe physical impairments (Tr. 120, 152). These opinions, when coupled with the absence of any functional limitations imposed by a treating or examining physician, provide substantial evidence to support the law judge's finding that the plaintiff did not suffer from a severe physical impairment. The evidence certainly does not compel the conclusion that the plaintiff does have a severe physical impairment of at least a twelve-month duration.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and contains no reversible error, is hereby **AFFIRMED**.

The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 25th day of February, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE